# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | | |
|---|---|---|
| Shawn Avery Hobson, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: 9:17-cv-698-PMD-MGB |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Gregory Alexander, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court on United States Magistrate Judge Mary Gordon Baker's Report and Recommendation ("R & R") (ECF No. 29.) In her R & R, the Magistrate Judge recommends dismissing *pro se* Plaintiff Shawn Avery Hobson's claims against Defendants Jerry Cook, Colin Moore, Jordan Jinks, Peggy O'Banner, Danial Anderson, and the Yemassee Police Department. Hobson has filed a response to the R & R that he titled "Legal Mail and Omission of Facts" (ECF No. 33), which the Court has construed as objections. For the following reasons, the Court overrules Hobson's objections and adopts the Magistrate Judge's recommendation.

## **STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this Court. The R & R has no presumptive weight, and the responsibility for making a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties may make written objections to the R & R within fourteen days after being served with a copy of it. 28 U.S.C. § 636(b)(1). This Court must conduct a de novo review of any portion of the R & R to which a specific objection is made, and it may accept, reject, or modify the Magistrate Judge's findings and recommendations in whole or in part. *Id*. Additionally, the Court may receive more evidence or recommit the matter to the Magistrate Judge with instructions. *Id*. A party's failure to object is taken as the party's agreement with the Magistrate Judge's conclusions. *See Thomas v. Arn*, 474 U.S. 140 (1985). Absent a timely, specific objection—or as to those portions of the R & R to which no

specific objection is made—this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

## DISCUSSION

This case concerns Hobson's 2015 arrest outside the Cozy Corner Café in Yemassee, South Carolina. Hobson claims that police chief Gregory Alexander and officer James Roggers used excessive force in the arrest and that his resulting injuries were met with deliberate indifference. He is suing the Yemassee Police Department, Alexander, and Roggers for causing his injuries. Hobson is also suing Cook, who is the town's mayor, and town council members Moore, Jinks, O'Banner, and Anderson for their roles in hiring and overseeing Alexander and Roggers. Finally, he faults councilman Moore, who witnessed the arrest, for not helping him.

The Magistrate Judge recommends dismissing the Yemassee Police Department because it is not a "person" who can be sued under 42 U.S.C. § 1983. She recommends dismissing the mayor and council members because they have legislative immunity and because vicarious liability is outside the scope of § 1983. Finally, the Magistrate Judge recommends dismissing Moore for the additional reason that his alleged failure to intervene in Hobson's arrest does not constitute the state action needed to trigger § 1983 liability.

Hobson does not disagree with any of that analysis. Rather, he says he "guess[es]" he understands it. (Objs., ECF No. 33, at 6.) As there is no objection to the Magistrate Judge's dismissal recommendations, the Court has reviewed them for clear error and, seeing none, agrees with them.

Hobson spends most of his response to the R & R reciting some of his allegations and outlining an additional claim he wishes to assert against Alexander.[1]  The Court does not view that as an objection to the R & R.

Hobson's first true objection relates to the filing of his amended complaint.  The R & R suggests Hobson might not have timely filed that pleading; Hobson insists he did.  This objection is overruled as moot.  The Magistrate Judge granted his motion to amend his complaint.

Hobson's only other objection relates to the Magistrate Judge's description of Hobson's arrest.  The arrest incident began with Hobson sitting in his car outside the café.  In the R & R, the Magistrate Judge wrote that Jamie Crowley also was sitting in the car, speaking with Hobson.  Hobson complains that statement is inaccurate, as Crowley was standing outside the car.  Hobson's amended complaint does not specify where Crowley was located, and the Court does not see at this time why that detail is of any consequence.  The Magistrate Judge therefore did not err in her recitation of Hobson's factual allegations.  The objection is overruled.

## CONCLUSION

For the foregoing reasons, it is **ORDERED** that Hobson's objections are **OVERRULED** and that the Magistrate Judge's recommendations are **ADOPTED**.  Accordingly, Hobson's claims against Jerry Cook, Colin Moore, Jordan Jinks, Peggy O'Banner, Daniel Anderson, and the Yemassee Police Department are **DISMISSED** without prejudice and without issuance and service of process.  If Hobson wishes to file an amended pleading asserting claims against any of those defendants, he must do so no later than July 21, 2017.

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

**July 6, 2017**
**Charleston, South Carolina**

---

1. That claim is the subject of a motion to supplement currently pending before the Magistrate Judge.  Hobson filed the motion after the Magistrate Judge issued her R & R.